UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-09178-MCS-AGR | Date | December 22, 2025 |
| Title | *Patrick McKillen v. Sheikh Hamad bin Khalifa bin Hamad bin Abdullah bin Jassim bin Mohammed Al Thani* | | |

| | |
|---|---|
| Present: The Honorable | Mark C. Scarsi, United States District Judge |

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER DENYING APPLICATION FOR LIMITED EXPEDITED THIRD-PARTY DISCOVERY AND EXTENSION OF TIME TO SERVE SUMMONS AND COMPLAINT (ECF NO. 34)

Plaintiffs Patrick McKillen and Hume Street Management Consultants Limited apply for an order extending the time to complete service, for leave to serve seven third-party subpoenas, and for the Court to issue letters of request to three third parties. (Appl., ECF No. 34.) The Court deems the application appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

Plaintiffs' application is ex parte with respect to the John Doe Defendants but is not ex parte with respect to Defendants Marc Socker, Michele Faissola, Maybourne Hotels Limited, Sheikha Lulwah bint Hamad bin Khalifa Al Thani, and Sheikh Hamad bin Jassim bin Jaber bin Mohammed bin Al Thani. (Appl. 4–5.) Accordingly, Plaintiffs' application is better construed as a motion. The Court denies the motion for failure to comply with Local Rules governing motion practice. C.D. Cal. R. 7-4; *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."). First, Plaintiffs did not set a date for the hearing of the motion. *See* C.D. Cal. Rs. 6-1, 7-4.

Second, Plaintiffs did not fully comply with the prefiling conference requirement. "[C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days before filing a motion. C.D. Cal. R. 7-3. "The purpose of Local Rule 7-3 is to help parties reach a resolution which eliminates the necessity for a hearing," which "further[s] judicial economy and the administration of justice." *James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co.*, No. 8:16-cv-01155-JLS-E, 2016 U.S. Dist. LEXIS 189416, at *1 (C.D. Cal. Sept. 12, 2016) (internal quotation marks omitted); *accord Caldera v. J.M. Smucker Co.*, No. CV 12-4936-GHK (VBKx), 2013 U.S. Dist. LEXIS 183977, at *2 (C.D. Cal. June 3, 2013) (noting that the rule "enables the parties to brief the remaining disputes in a thoughtful, concise, and useful manner" (internal quotation marks omitted)).

Here, although the parties had a prefiling conference, the conference occurred fewer than seven days before the filing of the motion, and counsel for Defendants did not yet know Defendants' position regarding the motion. (Hall Decl. ¶ 40, ECF No. 34-1.) Counsel for both sides have an obligation to thoroughly ventilate such issues and narrow the disputes to be resolved by the Court before the filing of a motion. *See Lopez v. Wells Fargo Bank, N.A.*, No. SACV 16-1409 AG (KESx), 2016 U.S. Dist. LEXIS 144380, at *5–6 (C.D. Cal. Oct. 17, 2016) ("Making two sides talk can significantly help focus and clarify disputes, even when one side still has to file a motion at the end of the day."). Here, a more thorough discussion of the issues presented in Plaintiffs' motion could help limit the issues for which judicial intervention is necessary. For instance, the parties might be able to reach a resolution with respect to Plaintiffs' motion for an extension of the time to serve Defendant Dilmon LLC, who may be represented by counsel for other defendants and who may waive service. (*See* Hall Decl. ¶ 39.)

The motion is denied without prejudice to renewal. Any renewed motion must be accompanied by a declaration establishing strict compliance with Local Rule 7-3.

**IT IS SO ORDERED.**