# EXHIBIT A



City of New York, State of New York, County of New York

I, Jacqueline Yorke, hereby certify that the document "**Appendix 1. 2023.10.13 - Jugement de jonction TCOM Paris(430616875.1)**" is, to the best of my knowledge and belief, a true and accurate translation from French into English.

Jacqueline Yorke

Sworn to before me this
April 8, 2026

Signature, Notary Public

WENDY POON
Notary Public - State of New York
No. 01PO0000184
Qualified in Queens County
My Commission Expires February 02, 20 **27**

Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.400.8840  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE

**Exhibit A**
**Page 5**

[barcode]

Copy to the plaintiffs: 4
Copy to the defendants: 4

# FRENCH REPUBLIC

## ON BEHALF OF THE PEOPLE OF FRANCE

## PARIS COMMERCIAL COURT

## 10TH CHAMBER

## JUDGMENT RENDERED ON 10/13/2023,
upon its filing with the Clerk's Office

RG J2023000467

**CASE 2022055484**
BETWEEN:
HUME ST MANAGEMENT CONSULTANTS LTD - HSMC A foreign corporation with its legal office at 15 Hume Street, Dublin 2, D02C678, Dublin, Ireland
Plaintiff: represented by FEDIDA AVOCATS, acting through Attorney Jean-Marc FEDIDA (E485) and appearing in court through Attorney Pierre HERNE (B835)

AND:
SASU SOCIÉTÉ D'EXPLOITATION ET DE DÉTENTION HÔTELIÉRE VISTA - SEDH, with its registered office at 23 rue François 1er, 75008 Paris - RCS B 805264082
Respondent: assisted by BAKER & MC KENZIE A.A.R.P.I. acting through Esq. Éric LASRY and Clotilde GUYOT-RECHARD, Lawyer (P445) and appearing through SELARL JACQUES MONTA, Lawyer (D546)

**CASE 2022059929**
BETWEEN:
SAS SOF CONSTRUCTION, with its registered office at Chateau La Coste 13610 Le Puy- Sainte-Réparade - RCS B 883588212
Plaintiff: assisted by SELARL ALTANA acting through Mr. François MULLER, Lawyer (R021) and appearing through Mr. Pierre HERNE, Lawyer (B835)

AND:
SASU SOCIÉTÉ D'EXPLOITATION ET DE DÉTENTION HÔTELIÉRE VISTA - SEDH, with its registered office at 23 rue François 1er, 75008 Paris - RCS B 805264082
Respondent: assisted by BAKER & MC KENZIE A.A.R.P.I. acting through Esq. Éric LASRY and Clotilde GUYOT-RECHARD, Lawyer (P445) and appearing through SELARL JACQUES MONTA, Lawyer (D546)

**AFTER DELIBERATION**

**The facts - Subject matter of the dispute**

SOCIÉTÉ D'EXPLOITATION ET DE DÉTENTION HÔTELIÉRE VISTA, SEDH is a French company that owns a hotel complex called "Maybourne Riviera", formerly "Vista Palace", located at 1551, Route de la Turbie, Roquebrune Cap-Martin (06190).
In 2016, SEDH decided to undertake a comprehensive renovation project for the Maybourne Riviera Hotel to transform it into a luxury establishment (hereinafter the "Project").

[initials]

**Exhibit A**
**Page 6**

Hume St Management Consultants (hereinafter "HSMC") is a company incorporated under Irish law, based in Dublin. This company serves as the "*personal office*" of Patrick McKillen, an Irish businessman active primarily in the real estate and luxury hotel sectors.
HUME MANAGEMENT CONSULTANTS Ltd (HSMC) was awarded a contract by SEDH to provide project management support (contract dated September 20, 2019).

SOF was established in 2020 to carry out the project described above. On February 5, 2021, SEDH and SOF, acting as general contractor, entered into a "General Contractor Agreement" for the complete renovation and restructuring of the Maybourne Riviera Hotel for a price of 148 million euros, with a completion date no later than November 30, 2022.

## 1. Case RG 2022059484

The Delegated Project Management Agreement governs the relationship between SEDHV and HSMC regarding the construction of the hotel complex and provides for the appointment of HSMC as Delegated Project Manager to oversee and coordinate all renovation work on the Hotel in accordance with an updated schedule (the "Schedule").
According to the Delegated Project Management Contract (Article 2.3), the deadline for completion of the Project was set for November 2022 (the "Completion Date"):

- Article 7.1 of the contract set a budget of 225,000,000 euros, excluding tax, for the completion of the Project (the "Budget"):
- Article 7.2 of the contract excluded from the budget expenses related to changes made to the Schedule:
- Article 7.5 provided that, in the event the Budget was not reached, HSMC would be entitled to half of the savings achieved (the "Performance Fee"):
- Article 9.1 established a fixed fee of 20,000,000 euros (excluding tax) for HSMC, payable in nine installments of 2,000,000 euros (excluding tax) each and a final installment on the Completion Date (the "Fixed Fee"):

Under this Delegated Project Management Agreement, SEDHV entrusted HSMC with the responsibility of overseeing (i) the selection of contractors, (ii) the design, (iii) the construction, and all related activities pertaining to the renovation of the Hotel within the scheduled timeframe.

In June 2021, 17 to 13 months ahead of schedule, the Maybourne Riviera partially opened to the public with the launch of 13 guest rooms and a restaurant. This partial reopening was authorized by the Municipal Safety Commission on May 19, 2021. In October 2021, the restaurant on the hotel's 5th floor was open.
Between April 25 and 30, 2022, the preliminary site acceptance procedures were carried out at the request of SEDHV in the presence of SEDHV, HSMC, and SOF, as well as bailiffs appointed by each of the parties.
Immediately after its acceptance, the Maybourne Riviera opened to the public.
For its part, HSMC acknowledged the completion of the work as defined in the Delegated Project Management Contract and consequently requested that SEDHV pay the balance of its compensation.
SEDHV refused to pay HSMC the amounts owed to it for the balance of its fixed fee and its success fee. HSMC then initiated this proceeding.

[initials]

PARIS COMMERCIAL COURT JUDGMENT OF
FRIDAY, 10/13/2023
10TH CHAMBER

Case No.: J2023000467

CC* - PAGE 3

**2. Case No. RG 2022059929.**

Additional services, distinct from the work covered by the SOF Contract, ordered by the Client during the course of the project are the subject of dispute RG 2022059929.

On March 8, 2021, the parties agreed that SOF, as part of its work to carry out the tasks entrusted to it, would incur, separately from said tasks, expenses related to the opening and operation of the hotel, which would subsequently be reimbursed to it. This concerned:

"All expenses related to construction in progress, interior fit-outs, artwork (and IT equipment) must be invoiced to and paid by: SOF CONSTRUCTION ….

All expenses related to the hotel's future operations, including operating and maintenance (O&M) costs, sales and marketing ("S&M"), and loaned artwork, should be sent to
SEDH .... "

Following the acceptance of the work with reservations on May 2, 2022, on June 16, 2022, SOF sent DEMARIA ARCHITECTURE, the construction manager, and Rainey & Best Ltd, the quantity surveyor, its proposed Final General Statement of Accounts (hereinafter the "FGSA"), along with the supporting documents necessary for its review.

The DGD proposal prepared by SOF shows - after deducting the retention - a balance of €9,014,636.76 in favor of SOF, of which €5,358,697.76 represents expenses advanced by SOF outside the contract (additional costs for pre-coverage arrangements, additional costs for equipment and operating supplies, and additional costs for artwork).

**3. Consolidation of the two cases.**

Accordingly, following the remand of the case to the trial court, SEDH has filed a motion to consolidate the following proceedings:

- First, the proceedings (Case No. 2022055484), in which HSMC is seeking an order requiring SEDH to pay the sum of 19,623,119.60 euros excluding tax for fixed and performance-based fees as provided for in Articles 7.5 and 9.1 of the Delegated Project Management Agreement entered into between them on September 20, 2019, regarding the work on the Maybourne Riviera;

- Furthermore, in proceeding RG No. 2022059929, in which SOF is seeking an order requiring SEDH to pay it the sum of €5,010,434.70 as reimbursement for expenses it advanced on SEDH's behalf "outside the contract," that is, pursuant to an agreement separate from the General Contractor Agreement entered into between them on February 5, 2021, regarding the work on the Hotel.

SOF CONSTRUCTION and HSMC object to this motion to join the proceedings.

It is under these circumstances that SOF CONSTRUCTION and HSMC have initiated these proceedings

[initials]

**Exhibit A**
**Page 8**

PARIS COMMERCIAL COURT JUDGMENT OF
FRIDAY, 10/13/2023
10TH CHAMBER

Case No.: J2023000467

CC* - PAGE 4

## Proceedings

Pursuant to the provisions of Article 446.2 of Decree No. 2010-1165 of October 1, 2010, the court shall consider the most recent requests made by the parties, provided they have agreed to them.

### Case No. RG 2022055484

By a legal document dated November 17, 2022, HUME ST MANAGEMENT CONSULTANTS LTD (HSMC) filed a lawsuit against D'EXPLOITATION ET DE DÉTENTION HÔTELIÈRE VISTA (SEDH). By this pleading served on the authorized party and filed at the hearing on September 14, 2023 ("Reply Brief"), HSMC requests that the court, as the latest version of its claims:

*Pursuant to Articles 144 et seq., 263 et seq., 367, and 368 of the Code of Civil Procedure Pursuant to Articles 1103 and 1221 of the Civil Code (formerly Articles 1134 and 1142 of the Civil Code), Pursuant to Article 1240 of the Civil Code,*

- DISMISS the application filed by SOCIÉTÉ D'EXPLOITATION ET DE DÉTENTION HÔTELIÈRE VISTA to consolidate the proceedings registered under case numbers RG No. 2022050955 and RG No. 2022055484;
- DISMISS the application by SOCIÉTÉ D'EXPLOITATION ET DE DÉTENTION HÔTELIÈRE VISTA for the appointment of a court-appointed expert;
- ORDER SOCIÉTÉ D'EXPLOITATION ET DE DÉTENTION HÔTELIÈRE VISTA to pay HUME ST MANAGEMENT CONSULTANTS LTD the sum of 2,000,000 euros, excluding tax, pursuant to the enforcement of Article 9.1 of the Delegated Project Management Contract dated September 20, 2019, plus interest at the statutory rate from the expiration on July 30, 2022, of the deadline set forth in the formal notice of June 30, 2022;
- ORDER SOCIÉTÉ D'EXPLOITATION ET DE DÉTENTION HÔTELIÈRE VISTA to pay HUME ST MANAGEMENT CONSULTANTS LTD the sum of 17,623,119.60 euros excluding tax, subject to adjustment, pursuant to the enforcement of Article 7.5 of the Delegated Project Management Contract dated September 20, 2019, plus interest at the statutory rate from the expiration on July 30, 2022, of the deadline set by the formal notice of June 30, 2022;
- DISMISS the counterclaim filed by SOCIÉTÉ D'EXPLOITATION ET DE DÉTENTION HÔTELIÈRE VISTA seeking an order requiring HUME ST MANAGEMENT CONSULTANTS LTD to pay it the sum of 10,000,000 euros, subject to adjustment, based on its contractual liability;
- ORDER SOCIÉTÉ D'EXPLOITATION ET DE DÉTENTION HÔTELIÈRE VISTA to pay the sum of 50,000 euros for vexatious litigation;
- DECLARE that provisional enforcement is automatic;

In any case:
- ORDER SOCIÉTÉ D'EXPLOITATION ET DE DÉTENTION HÔTELIÈRE VISTA to pay HUME ST MANAGEMENT CONSULTANTS LTD the sum of 50,000 euros pursuant to Article 700 of the Code of Civil Procedure,
- ORDER SOCIÉTÉ D'EXPLOITATION ET DE DÉTENTION HÔTELIÈRE VISTA to pay all the costs of the proceedings.

[initials]

**Exhibit A**
**Page 9**

PARIS COMMERCIAL COURT JUDGMENT OF
FRIDAY, 10/13/2023
10TH CHAMBER

Case No.: J2023000467

CC* - PAGE 5

At the hearing on May 25, 2023, SEDH, in its response to the merits of the case, requests the Court, in its final statement of claims, to:

Pursuant to Articles 263 et seq., 367, and 368 of the Code of Civil Procedure,
Pursuant to Articles 1217 and 1219 of the Civil Code,
Pursuant to Article 1134 of the Civil Code,

- ORDER that this case be consolidated with the case pending before the Paris Commercial Court and registered under case number RG 2022059929;

PRIMARILY:
– APPOINT such a court-appointed expert as the Court deems appropriate, with the following responsibilities:

- conduct a site visit;

- be provided with all documents and materials necessary for the performance of its duties,

- hear the parties' statements and arguments, and, if necessary, any other witnesses whose testimony would be helpful,

- identify and describe the defects, damage, and construction flaws affecting the property in question, as well as any non-conformities and/or unfinished work noted in relation to the contractual documents binding the parties and the planning permits obtained,

- detail their origin, causes, and extent, and to provide all information necessary for the court to determine which parties are responsible for these defects, defects in workmanship, and incomplete work, and to what extent,

- specify the consequences of these defects, damage, construction flaws, and unfinished work with regard to the building's structural integrity, habitability, and appearance, and, more generally, with regard to the use for which it is intended, its compliance with its intended purpose, and its compliance with the planning permits obtained,

- determine whether the work was carried out in accordance with the contract documents, the planning permits obtained, and industry standards,

- provide an opinion on the damages and costs resulting from such defects, defects in workmanship, incomplete work, or non-conformities, and on their assessment, provided that such requests are submitted with supporting documentation,

- generally provide all technical or factual information necessary to enable the court hearing the case to rule on liability and damages,

- authorize SOCIÉTÉ D'EXPLOITATION ET DE DÉTENTION HÔTELIÈRE VISTA, in the event of an emergency or a genuine danger as determined by the court-appointed expert, to have the work deemed essential by the court-appointed expert carried out at its own expense and on behalf of the relevant party, under its

[initials]

**Exhibit A**
**Page 10**

own supervision and by contractors of its choice,

- obtain all relevant documents and supporting materials pertaining to the cost of the work and the final settlement,

- engage an expert to review these documents and settle the accounts between the parties, taking into account the work performed and the conditions to be met,

– STATE that, in the event of an emergency or a genuine danger recognized by the court-appointed expert, the expert shall submit a preliminary report specifying the nature, scope, and cost of the urgent work that he or she deems essential,

– STATE that the expert may call upon any experts he deems necessary to carry out his duties,

– SET the advance payment to be applied toward the costs associated with the requested investigative measure, which the petitioner will pay in advance,

SUBSIDIARILY:
- DISMISS all of HUME ST MANAGEMENT CONSULTANTS LTD's claims, pleas, and submissions.

AS A FURTHER ALTERNATIVE, should the Court grant the monetary claims brought by HUME ST MANAGEMENT CONSULTANTS LTD against LA SOCIÉTÉ D'EXPLOITATION ET DE DETENTION HOTELIERE VISTA:
- SET ASIDE the provisional enforcement

AS A COUNTERCLAIM:
- ORDER HUME ST MANAGEMENT CONSULTANTS LTD to pay LA SOCIÉTÉ D'EXPLOITATION ET DE DETENTION HOTELIERE VISTA the sum of 10,000,000 euros in respect of its contractual liability, to be supplemented;

IN ANY CASE:
- ORDER HUME ST MANAGEMENT CONSULTANTS LTD to pay LA SOCIÉTÉ D'EXPLOITATION ET DE DETENTION HOTELIERE VISTA the sum of 20,000 euros pursuant to Article 700 of the Code of Civil Procedure, as well as all costs;

All of these motions were the subject of written submissions; these were exchanged in the presence of a court clerk, who recorded them in the case file.

At the hearing on September 14, 2023, at which the parties were summoned to be heard on a motion to stay the proceedings following the filing of new pleadings by the parties at today's hearing and the possible consolidation of the two cases RG 2022055484 and RG 2022059929, after hearing the parties' explanations and observations, the Court hearing the case closes the proceedings, reserves judgment, sets a schedule for the preparation of the two cases for decision, and states that the decision regarding the possible consolidation of the two cases will be rendered by its submission to the court clerk's office on October 13, 2023. The parties were notified in accordance with Article 450, paragraph 2, of the Code of Civil Procedure.

[initials]

**Exhibit A**
**Page 11**

**Case No. RG 2022059929.**

By a writ dated on October 31, 2022, SAS SOF CONSTRUCTION commenced summary proceedings against D'EXPLOITATION ET DE DÉTENTION HÔTELIÈRE VISTA (SEDH). By this pleading served on the authorized party and filed at the hearing on April 6, 2023, SOF requests that the court, in accordance with its latest claims (pleadings in response to Motion No. 2), do as follows:

- Pursuant to Articles 367 and 700 of the Code of Civil Procedure,

  - DISMISS Société D'EXPLOITATION ET DE DÉTENTION HÔTELIÈRE VISTA's motion to consolidate the proceedings filed under case numbers RG 2022055484 and 2022059929;

  - Order Société d'Exploitation et de Détention Hôtelière Vista to pay SOF Construction the sum of 5,000 euros pursuant to Article 700 of the Code of Civil Procedure, as well as all costs.

At the hearing on September 14, 2023, SEDH (in its Second Answer Brief) requests the Court, in its final statement of claims, to:
*Pursuant to Articles 263 et seq., 334 et seq., 367, 366, and 700 of the Code of Civil Procedure,*
*Pursuant to Article 1134 of the Civil Code,*
*Pursuant to Articles L. 480-4, L. 480-4-2, L. 480-5, and L. 610-1 of the Urban Planning Code,*

- ORDER that this case be consolidated with the case pending before the Paris Commercial Court and registered under case number RG 2022055484;

PRIMARILY:

- DISMISS all of SOF Construction SAS's claims;

AS A COUNTERCLAIM:

- ORDER SOF Construction SAS to pay SOCIÉTÉ D'EXPLOITATION ET DE DETENTION HOTELIERE VISTA the provisional sum of €6,199,633 (excluding tax) for expenses incurred as a result of SOF's breach of contract;

- APPOINT such a court-appointed expert as the Court deems appropriate, with the following responsibilities:

  - conduct a site visit;

  - be provided with all documents and materials necessary for the performance of its duties,

  - hear the parties' statements and arguments, and, if necessary, any other witnesses whose testimony would be helpful,

  - identify and describe the defects, damage, and construction flaws affecting the property in question, as well as any non-conformities and/or unfinished work noted in relation to the contractual documents binding the parties and the planning permits obtained,

[initials]

**Exhibit A**
**Page 12**

- detail their origin, causes, and extent, and to provide all information necessary for the court to determine which parties are responsible for these reservations, defects in workmanship, and incomplete work, and to what extent,

- specify the consequences of these defects, defects in workmanship, and unfinished work in terms of the building's structural integrity, habitability, and aesthetic appearance, and, more generally, in terms of the use for which it is intended, its compliance with its intended purpose, and its compliance with the planning permits obtained,

- determine whether the work was carried out in accordance with the contractual documents, the planning permits obtained, and the relevant technical standards,

- provide an opinion on the damages and costs resulting from such defects, defects in workmanship, incomplete work, or non-conformities, and on their assessment, provided that such claims are supported by a statement of reasons,

- generally provide all technical or factual information necessary to enable the court hearing the case to rule on liability and damages,

- authorize SOCIÉTÉ D'EXPLOITATION ET DE DETENTION HOTELIERE VISTA, in the event of an emergency or a genuine danger as determined by the court-appointed expert, to have the work deemed essential by the court-appointed expert carried out at its own expense and on behalf of the relevant party, under its own supervision and by contractors of its choice,

- obtain all relevant documents and supporting materials pertaining to the cost of the work and the final settlement,

- appoint an expert to review these documents and settle the accounts between the parties, taking into account the work performed and the reservations to be lifted,

– STATE that, in the event of an emergency or a genuine danger recognized by the court-appointed expert, the expert shall submit a preliminary report specifying the nature, scope, and cost of the urgent work that he or she deems essential,

– STATE that the expert may call upon any experts they deem necessary to carry out their assignment,

– SET the amount of the advance payment to be made by the petitioner toward the costs associated with the requested investigative measure;

– ORDER SOF CONSTRUCTION SAS, *jointly and severally* with HUME ST MANAGEMENT CONSULTANTS, to indemnify and hold harmless SOCIÉTÉ D'EXPLOITATION ET DE DETENTION HOTELIERE VISTA from any fines or penalties that may be imposed against it in connection with the criminal investigation initiated for violation of the Urban Planning Code;

[initials]

**Exhibit A
Page 13**

– ORDER SOF CONSTRUCTION SAS, *jointly and severally* with HUME ST MANAGEMENT CONSULTANTS, to bear all expenses and costs related to the compliance work that SOCIÉTÉ D'EXPLOITATION ET DE DETENTION HOTELIERE VISTA is likely to incur as a result of the criminal investigation initiated against it.

AS AN ALTERNATIVE, if the Court were to grant the monetary claims brought by SOF CONSTRUCTION SAS against SOCIÉTÉ D'EXPLOITATION ET DE DETENTION HOTELIERE VISTA:
– SET ASIDE the provisional enforcement

IN ANY CASE:

– ORDER the return to SOCIÉTÉ D'EXPLOITATION ET DE DETENTION HOTELIERE VISTA of all the works of art identified in the inventory report dated January 9, 2023, subject to a penalty of €200 per day of delay, effective from the date of service of the decision to be rendered,

– ORDER SOF Construction SAS to pay Société d'Exploitation et de Détention Hôtelière VISTA the sum of €40,000 pursuant to Article 700 of the Code of Civil Procedure;

– ORDER SOF Construction SAS to pay the costs of the proceedings.

**Means of the parties**

Having reviewed all the arguments and points raised by the parties in their briefs, and in accordance with the provisions of Article 455 of the Code of Civil Procedure, the court notes that the parties have summarized these in their briefs and, for the sake of clarity in this judgment, will not repeat them here.

**On that basis, the court**

Regarding the schedule for the pretrial proceedings in the two cases.

The conclusions of the parties currently involved in the case are as follows:

CASE 2022055484:
 For HSMC: "Reply Brief" filed at the hearing on September 14, 2023.
 For SEDH: "Response brief" filed at the hearing on May 25, 2023

Case 2022059929
 For SOF: "Statement of Defense in Response to Incident No. 2" filed at the hearing on April 6, 2023.
 For SEDH VISTA: "Joint Brief No. 3" filed at the hearing on April 6, 2023.
 For SOF: "Brief No.3" filed at the hearing on September 14, 2023.
 For SEDH VISTA: "Reply Brief No. 2" filed at the hearing on September 14, 2023.

The court will state that:

[initials]

**Exhibit A**
**Page 14**

PARIS COMMERCIAL COURT JUDGMENT OF FRIDAY, 10/13/2023 10TH CHAMBER

Case No.: J2023000467

CC* - PAGE 10

At the hearing held on September 14, 2023, the parties SEDH and SOF stated that they would file their final briefs on the merits of the cases at the pretrial hearing of the Xth Chamber of the TCP on September 28, 2023; HSMC stated that it did not need to file any new briefs.

The hearing on the merits of the cases will take place on October 19 at 2:00 p.m.

**On the junction**

Whereas Article 367 of the Code of Civil Procedure provides that:
"The judge may, at the request of the parties or on their own initiative, order the consolidation of several cases pending before them if there is such a connection between the disputes that it is in the interest of justice to have them heard or decided together.
"They may also order the division of a proceeding into several..."

Given that SOF and SEDH are both involved in the same project, the reconstruction of the Maybourne Riviera Hotel, and that SEDH is the defendant in both cases:
Case 2022055484:HSMC vs SEDH
and Case 2022059929: SOF vs SEDH

Whereas SEDH is requesting that the Court order the consolidation of the two cases, and SOF and HMSC are requesting that the Court deny SEDH's motion to consolidate the two cases,

Whereas, even though SOF and HSMC share a common executive and the disputes that are the subject of these proceedings concern the same project to rebuild a single hotel,
this is not sufficient to establish a connection of such a nature as to justify consolidating the proceedings in which these companies are involved.

Whereas the disputes appear to concern different matters, and the claims brought by HSMC and SOF are based on separate contracts, namely, the Delegated Project Management Contract in the case initiated by HSMC, and the General Contractor Contract in the case initiated by SOF, and involve different legal entities:

- the proceedings (Case No. 2022055484), in which HSMC is seeking an order requiring SEDH to pay the total amount of 19,623,119.60 euros, excluding tax, for fixed and success-based fees as provided for in Articles 7.5 and 9.1 of the Delegated Project Management Agreement entered into between them on September 20, 2019, regarding the work on the Maybourne Riviera;

- Proceedings No. RG 2022059929, in which SOF is seeking an order requiring SEDH to pay it the sum of €5,010,434.70 as reimbursement for expenses it advanced on SEDH's behalf "outside the contract," that is, pursuant to an agreement separate from the General Contractor Agreement entered into between them on February 5, 2021, concerning the work on the Hotel.

Whereas the dispute between SOF and SEDH concerns the amount of the rebillings related to the pre-opening expenses pre-financed by SOF, as well as their classification as either pre-opening expenses or expenses related to the fixed-price hotel construction contract,
Whereas the amount in dispute (regarding the reimbursement of invoices advanced by SOF for expenses related to OS&E, pre-opening costs, and expenses related to works of art, after

[initials]

**Exhibit A**
**Page 15**

deduction of the receivables assigned by SOF and costs advanced by the Project Owner for the travel of SOF personnel to the United Kingdom), as stated in Pleadings No. 3 filed at the hearing on September 14, 2023 (pages 20 and 21), is 5,010,434.70 euros including tax,

that the "total amount of re-invoices" mentioned in the "Draft Final Statement of Work" prepared by SOF on June 15, 2022 (SOF Exhibit 27), is €5,358,697.76 including tax,

that the amount of these expenses is €5,271,897.65, according to the SEDH's DGD dated December 23, 2022

Whereas SEDH proposes on page 6 of its draft DGD dated December 23, 2022, to reclassify 3,711,998 euros from OS&E ("Operating Supplies and Equipment") to FF&E (Furniture, Fixtures, and Equipment), a proposal with which SOF disagrees,

Whereas SEDH disputes the amounts claimed by SOF. These objections will be considered during the substantive review of SOF and SEDH claims.

Whereas SOF devotes considerable attention in its brief regarding the dispute concerning "OS&E" (Case No. RG 2022059929) to the issue of the DGD produced by SEDH. SOF notes that SEDH's position is evolving ... (paragraph 45 of SOF's conclusions). SEDH reportedly claimed that "these expenses were excluded from the actual construction contract budget …; it now claims that part of them would have been covered by that budget on the grounds that they constitute FF&E"
Whereas the reclassification of these OS&E costs as FF&E, which would then be added to the cost of the work (see letter dated December 23, 2022, Exhibit 25 SEDH, PAGE 7), could affect the calculation of the DGD amount to be determined between SOF and HSMC and, consequently, could potentially affect the calculation of the success fee that HSMC might receive.
Whereas the dispute in case RG 2022055484 concerns the calculation and payment of this success fee.
Whereas, in the interests of the proper administration of justice, it is necessary to avoid separating the cases, which could result in them being heard one after the other and unnecessarily prolong the proceedings,

Furthermore, given that a decision rendered in the dispute between SOF and SEDH could be overturned by a potential decision of the Court of Appeals, and that such a decision by the Court of Appeals could in turn overturn a decision rendered in the HSMC v. SEDH case,

Whereas the plaintiff in the interlocutory proceeding, SEDH, points out that "the contracts between SEDH and SOF, and between SEDH and HSMC, form part of the same contractual package, with each contract expressly referring to the other contract."

Consequently, taking all of this information into account, pursuant to Article 367 of the Code of Civil Procedure, the Court, finding that there is "*such a connection (between the two proceedings) that it is in the interest of justice to have them investigated or adjudicated together*", shall order the consolidation of the two proceedings RG No. 2022055484 and RG No. 2022059929 under case number J2023000467.

[initials]

**Exhibit A
Page 16**

PARIS COMMERCIAL COURT JUDGMENT OF
FRIDAY, 10/13/2023
10TH CHAMBER

Case No.: J2023000467

CC* - PAGE 12

### ON THESE GROUNDS

The court, ruling in open court following a hearing in which both parties were heard,

Orders the joinder of the two proceedings RG No. 2022055484 and RG No. 2022059929 under the number J2023000487.

It is noted that the final briefs of the parties SEDH and SOF regarding the merits of cases RG No. 2022055484 and RG No. 2022059929 were filed at the pretrial hearing of the Xth Chamber of the TCP on September 28, 2023.

The case is hereby remanded for a hearing on the merits before a panel of judges on October 19 at 2:00 p.m., presided over by Mr. Emmanuel de Tarlé, Mr. Eric Pierre, and Mr. Patrice Kretz.

Reserves the request under Article 700 of the CPC;

Orders SOF and SEDH to pay the costs jointly and severally, including those to be collected by the court clerk's office, in the amount of €95.62, of which €15.72 is VAT.

Pursuant to the provisions of Article 871 of the Code of Civil Procedure, the case was heard on September 14, 2023, in open court, before Mr. Emmanuel de Tarlé, Mr. Eric Pierre, and Mr. Patrice Kretz
An oral report was presented at this hearing.
Deliberated on September 18, 2023.
This judgment is hereby rendered by its filing with the clerk's office of this court, the parties having been previously notified during the proceedings in accordance with the provisions of the second paragraph of Article 450 of the Code of Civil Procedure.

The judgment is signed by Mr. Emmanuel de Tarlé, presiding judge, and by Ms. Christèle Charpiot, court clerk.

The Clerk                                              The President


[signature]                                            [signature]


[initials]

**Exhibit A**
**Page 17**

Copie aux demendeurs : 4
Copie aux défendeurs : 4

**REPUBLIQUE FRANCAISE**

**AU NOM DU PEUPLE FRANCAIS**

**TRIBUNAL DE COMMERCE DE PARIS**

**10 EME CHAMBRE**

**JUGEMENT PRONONCE LE 13/10/2023**
par sa mise à disposition au Greffe

RG J2023000467

**AFFAIRE 2022055484**
ENTRE :
HUME ST MANAGEMENT CONSULTANTS LTD - HSMC Société de droit étranger, dont le siège social est 15, Hume Street Dublin 2, D02C678, Dublin, Irlande
Partie demanderesse : assistée de FEDIDA AVOCATS agissant par Me Jean-Marc FEDIDA Avocat (E485) et comparant par Me Pierre HERNE Avocat (B835)

ET :
SASU SOCIÉTÉ D'EXPLOITATION ET DE DÉTENTION HÔTELIERE VISTA - SEDH, dont le siège social est 23 rue François 1er 75008 Paris - RCS B 805264082
Partie défenderesse : assistée de BAKER & MC KENZIE A.A.R.P.I. agissant par Me Éric LASRY et Clotilde GUYOT-RECHARD Avocat (P445) et comparant par la SELARL JACQUES MONTA Avocat (D546)

**AFFAIRE 2022059929**
ENTRE :
SAS SOF CONSTRUCTION, dont le siège social est Chateau La Coste 13610 Le Puy-Sainte-Réparade - RCS B 883588212
Partie demanderesse : assistée de la SELARL ALTANA agissant par Me François MULLER  Avocat (R021) et comparant par Me Pierre HERNE Avocat (B835)

ET :
SASU SOCIÉTÉ D'EXPLOITATION ET DE DÉTENTION HÔTELIERE VISTA - SEDH, dont le siège social est 23 rue François 1er 75008 Paris - RCS B 805264082
Partie défenderesse : assistée de BAKER & MC KENZIE A.A.R.P.I. agissant par Me Éric LASRY et Clotilde GUYOT-RECHARD Avocat (P445) et comparant par la SELARL JACQUES MONTA Avocat (D546)

**APRES EN AVOIR DELIBERE**

**Les faits –Objet du litige**

La SOCIÉTÉ D'EXPLOITATION ET DE DÉTENTION HÔTELIÉRE VISTA, SEDH est une société française propriétaire d'un complexe hôtelier dénommé « Maybourne Riviera », anciennement « Vista Palace », situé au 1551, Route de la Turbie, Roquebrune Cap-Martin (06190).
En 2016, SEDH a décidé d'entreprendre un projet de réhabilitation complète de l'Hôtel Maybourne Riviera pour en faire un établissement haut de gamme (ci-après le « Projet »).



La société Hume St Management Consultants (ci-après "HSMC") est une société de droit irlandais, basée à Dublin. Cette société est le "*personal office*" de Monsieur Patrick McKillen, homme d'affaires de nationalité irlandaise intervenant notamment dans le secteur immobilier et de l'hôtellerie de luxe.
La société HUME MANAGEMENT CONSULTANTS Ltd, HSMC s'est vue confier une mission d'assistance à maîtrise d'ouvrage par SEDH (contrat en date du 20 septembre 2019).

La société SOF a été créée en 2020 pour les besoins du projet décrit ci-dessus .Le 5 février 2021, SEDH et SOF, en qualité de contactant général, ont conclu un « contrat de contractant Général » ayant pour objet la rénovation complète et la restructuration de l'hôtel Maybourne Riviera moyennant un prix de 148 millions d'euros et une date d'achèvement des travaux au plus tard le 30 novembre 2022.

## 1. L'affaire RG 2022059484

Le Contrat de Maîtrise d'Ouvrage Déléguée régit les relations entre SEDHV et HSMC liées à la construction du complexe hôtelier, et prévoit la nomination de HSMC comme Maître d'Ouvrage Délégué en vue de superviser et de coordonner l'ensemble des travaux de rénovation de l'Hôtel selon un programme actualisé (le « Programme »).
Selon le Contrat de Maîtrise d'Ouvrage Déléguée (Article 2.3), la date limite pour la réalisation du Projet était fixée à novembre 2022 (la « Date d'Achèvement ») :

- *L'*Article 7.1 du contrat fixait un budget de 225.000.000 euros HT pour la réalisation du Projet (le « Budget ») :
- *L'* Article 7.2 du contrat excluait du Budget les dépenses relatives aux modifications apportées au Programme :
- *L'*Article 7.5 prévoyait, pour le cas où le Budget ne serait pas atteint, une clause intéressant HSMC à la moitié de l'économie réalisée (l'« Honoraire de Résultat ») :
- *L'*Article 9.1définissait une clause d'honoraire fixe de 20.000.000 euros HT pour HSMC, payables en neuf versements de 2.000.000 euros HT chacun et en un dernier versement à la Date d'Achèvement (l'« Honoraire Fixe ») :

En vertu de ce Contrat de Maîtrise d'Ouvrage Déléguée, SEDHV confiait à HSMC la responsabilité de superviser (i) la sélection des contractants, (ii) la conception, (iii) la construction et toutes les activités connexes liées à la rénovation de l'Hôtel dans les délais prévus.

En juin 2021, avec entre 17 et 13 mois d'avance sur le planning prévu, le Maybourne Riviera ouvrait partiellement au public avec la mise en service de 13 chambres et d'un restaurant. Cette ouverture partielle faisait l'objet d'une autorisation par la Commission communale de sécurité du 19 mai 2021. En octobre 2021, le restaurant du 5ème étage de l'Hôtel était ouvert.
Entre le 25 et le 30 avril 2022, les opérations de réception anticipée du chantier étaient réalisées à la demande de SEDHV en présence de SEDHV, HSMC et SOF et d'huissiers mandatés respectivement par chacune des parties.
Immédiatement après sa réception, le Maybourne Riviera était ouvert au public.
Pour sa part, HSMC prenait acte de l'achèvement des travaux au sens du Contrat de Maîtrise d'Ouvrage Déléguée et demandait en conséquence à SEDHV de payer le solde de sa rémunération.
SEDHV a refusé de régler à HSMC les sommes qui lui seraient dues au titre du solde de son Honoraire Fixe et de son Honoraire de Résultat. HSMC initiait alors la présente instance.

**Exhibit A
Page 19**

TRIBUNAL DE COMMERCE DE PARIS                                          N° RG : J2023000467
JUGEMENT DU VENDREDI 13/10/2023
10 EME CHAMBRE                                                          CC* - PAGE 3

**2. Affaire RG 2022059929.**

Des prestations complémentaires, distinctes des travaux objet du Contrat SOF, commandées par le Maître d'ouvrage en cours d'exécution sont l'objet du litige RG 2022059929.

Les parties se sont mises d'accord le 8 mars 2021 pour que SOF, dans le cadre de son intervention pour réaliser les travaux qui lui étaient confiés, expose, indépendamment desdits travaux, des frais liés à l'ouverture et à l'exploitation de l'hôtel qui lui seraient par la suite remboursés. Ceci concernait :
> « Toutes les dépenses relatives aux constructions en cours , aux aménagements intérieurs, oeuvres d'art (et installations informatiques ) doivent être facturées à et payées par: SOF CONSTRUCTION ....
>
> Toutes les dépenses relatives à l'exploitation à venir de l'hôtel , incluant les frais d'exploitation et d'entretien (OS&E), les ventes et marketing (« S&M »), les oeuvres d'art en prêt doivent être adressées à
> SEDH .... »

Suite à la réception de l'ouvrage avec réserves le 2 mai 2022, le 16 juin 2022, SOF a transmis à DEMARIA ARCHITECTURE, le Maître d'œuvre d'exécution, et à Rainey & Best Ltd, l'Economiste, sa proposition de Décompte général Définitif (ci-après le « DGD »), accompagnée des documents justificatifs nécessaires à son analyse.

La proposition de DGD établi par SOF laisse apparaître – après déduction de la retenue de garantie - un solde de 9.014.636,76 euros en faveur de SOF, dont 5.358.697,76 euros au titre de frais avancés par SOF hors marché (frais supplémentaires d'organisations de pré-couvertures, frais supplémentaires de matériel et fourniture d'exploitation, frais supplémentaires d'œuvre d'art).

**3. Jonction des deux affaires.**

C'est ainsi que SEDH suite au renvoi de l'affaire au fond, formule une demande de jonction des procédures suivantes:

- D'une part, la procédure (RG n°2022055484), dans le cadre de laquelle la société HSMC sollicite la condamnation de SEDH au paiement de la somme de 19.623.119,60 euros HT au titre des honoraires fixe et de résultat tels que prévus aux articles 7.5 et 9.1 du Contrat de Maîtrise d'Ouvrage Déléguée conclu entre elles le 20 septembre 2019 s'agissant des travaux sur le Maybourne Riviera ;

- D'autre part, la procédure RG n°2022059929, dans le cadre de laquelle la société SOF sollicite la condamnation de SEDH à lui payer la somme de 5.010.434,70 euros, au titre du remboursement des dépenses qu'elle a avancées pour le compte de SEDH « hors marché », c'est-à-dire par accord distinct du Contrat de Contractant Général conclu entre elles le 5 février 2021 s'agissant des travaux sur l'Hôtel.

Les sociétés SOF CONSTRUCTION  et HSMC s'opposent à cette demande de jonction.

C'est dans ces conditions que  SOF CONSTRUCTION et HSMC ont engagé les présentes instances

**Exhibit A
Page 20**

TRIBUNAL DE COMMERCE DE PARIS                                          N° RG : J2023000467
JUGEMENT DU VENDREDI 13/10/2023
10 EME CHAMBRE                                                         CC* - PAGE 4

## Procédure

En application des dispositions de l'article 446.2 du décret n° 2010-1165 du 1er octobre 2010, le tribunal retiendra les dernières demandes formulées par les parties qui en sont convenues.

### Affaire RG 2022055484

Par acte du 17 novembre 2022, la société HUME ST MANAGEMENT CONSULTANTS LTD, HSMC, assigne la société D'EXPLOITATION ET DE DÉTENTION HÔTELIÈRE VISTA (SEDH). Par cet acte délivré à personne habilitée et à l'audience du 14 septembre 2023 (« Conclusions en réplique »), HSMC demande au tribunal, dans le dernier état de ses prétentions de :

*Vu les articles 144 et suivants, 263 et suivants, 367 et 368 du code de procédure civile*
*Vu les articles 1103 et 1221 du code civil (anciennement articles 1134 et 1142 du code civil),*
*Vu l'article 1240 du code civil,*

- DEBOUTER la SOCIÉTÉ D'EXPLOITATION ET DE DÉTENTION HÔTELIÈRE VISTA de sa demande de jonction des instances enrôlées sous les numéros de rôle RG n°2022050955 et RG n°2022055484 ;
- DÉBOUTER la SOCIÉTÉ D'EXPLOITATION ET DE DÉTENTION HÔTELIÈRE VISTA de sa demande de désignation d'un expert judiciaire ;
- CONDAMNER la SOCIÉTÉ D'EXPLOITATION ET DE DÉTENTION HÔTELIÈRE VISTA à payer à HUME ST MANAGEMENT CONSULTANTS LTD la somme de 2.000.000 euros HT, au titre de l'exécution forcée de l'article 9.1 du Contrat de Maîtrise d'Ouvrage Déléguée daté du 20 septembre 2019, augmentée des intérêts au taux légal à compter de l'expiration le 30 juillet 2022 du délai imparti par la mise en demeure du 30 juin 2022 ;
- CONDAMNER la SOCIÉTÉ D'EXPLOITATION ET DE DÉTENTION HÔTELIÈRE VISTA à payer à HUME ST MANAGEMENT CONSULTANTS LTD la somme de 17.623.119,60 euros HT, sauf à parfaire, au titre de l'exécution forcée de l'article 7.5 du Contrat de Maîtrise d'Ouvrage Déléguée daté du 20 septembre 2019, augmentée des intérêts au taux légal à compter de l'expiration le 30 juillet 2022 du délai imparti par la mise en demeure du 30 juin 2022 ;
- DÉBOUTER la SOCIÉTÉ D'EXPLOITATION ET DE DÉTENTION HÔTELIÉRE VISTA de sa demande reconventionnelle de condamnation de la société HUME ST MANAGEMENT CONSULTANTS LTD à lui verser la somme de 10.000.000 euros, à parfaire, au titre de sa responsabilité contractuelle ;
- CONDAMNER la SOCIÉTÉ D'EXPLOITATION ET DE DÉTENTION HÔTELIÈRE VISTA à la somme de 50.000 euros pour résistance abusive ;
- DIRE que l'exécution provisoire est de droit ;

En tout état de cause :
- CONDAMNER la SOCIÉTÉ D'EXPLOITATION ET DE DÉTENTION HÔTELIÈRE VISTA à payer à HUME ST MANAGEMENT CONSULTANTS LTD la somme de 50.000 euros au titre de l'article 700 du code de procédure civile,
- CONDAMNER la SOCIÉTÉ D'EXPLOITATION ET DE DÉTENTION HÔTELIÈRE VISTA au paiement des entiers dépens de l'instance.

**Exhibit A**
**Page 21**

SEDH, à l'audience du 25 mai 2023, demande au tribunal, (Conclusions en réponse- au fond-) demande au Tribunal dans le dernier état de ses prétentions de :

Vu les articles 263 et suivants, 367 et 368 du Code de procédure civile,
Vu les articles 1217 et 1219 du Code civil,
Vu l'article 1134 du Code civil,

- PRONONCER la jonction de la présente instance avec l'instance pendante devant le Tribunal de commerce de Paris et enrôlée sous le numéro RG 2022059929 ;

A TITRE PRINCIPAL :
– DESIGNER tel expert judiciaire qu'il plaira au Tribunal de nommer, avec pour mission de :

- se rendre sur les lieux ;

- se faire communiquer tous documents et pièces utiles à l'accomplissement de sa mission,

- entendre les parties en leurs dires et observations, et éventuellement tout sachant dont l'audition serait utile,

- relever et décrire les réserves, désordres et malfaçons affectant l'immeuble litigieux, ainsi que les non conformités et/ou inachèvements mentionnés au regard des documents contractuels liant les parties et des autorisations d'urbanisme obtenues,

- en détailler l'origine, les causes et l'étendue, et fournir tous éléments permettant à la juridiction de déterminer à quels intervenants ces réserves, désordres, malfaçons et inachèvements sont imputables, et dans quelles proportions,

- indiquer les conséquences de ces réserves, désordres, malfaçons et inachèvements quant à la solidité, l'habitabilité, l'esthétique du bâtiment, et, plus généralement quant à l'usage qui peut en être attendu ou quant à la conformité à sa destination et à la conformité aux autorisations d'urbanisme obtenues,

- dire si les travaux ont été conduits conformément aux documents contractuels, aux autorisations d'urbanisme obtenues et aux règles de l'art,

- donner son avis sur les préjudices et coûts induits par ces réserves, désordres, malfaçons, inachèvements ou non conformités et sur leur évaluation, dès lors que ces demandes sont présentées de manière motivée,

- fournir d'une façon générale tous éléments techniques ou de fait de nature à permettre à la juridiction saisie de se prononcer sur les responsabilités encourues et les préjudices subis,

- autoriser LA SOCIÉTÉ D'EXPLOITATION ET DE DETENTION HOTELIERE VISTA, en cas d'urgence ou de réel danger reconnu par l'expert judiciaire, à faire exécuter à ses frais avancés et pour le compte de qui il appartiendra, les travaux



estimés indispensables par l'expert judiciaire, sous sa propre direction et par les entreprises de son choix,

- se faire remettre tous documents et pièces utiles relatifs au coût des travaux et au décompte général et définitif,

- se faire assister d'un sapiteur aux fins de vérifier ces documents et d'arrêter les comptes entre les parties, au regard des travaux effectués et des réserves à lever,

– DIRE qu'en cas d'urgence ou de réel danger reconnu par l'expert judiciaire, celui-ci déposera un pré-rapport précisant la nature, l'importance et le coût des travaux urgents qu'il estimera indispensables,

– DIRE que l'expert pourra s'adjoindre tous sapiteurs s'il l'estime nécessaire à l'accomplissement de sa mission,

– FIXER la provision à valoir sur les frais afférents à la mesure d'instruction sollicitée dont la requérante fera l'avance,

A TITRE SUBSIDIAIRE :
- DEBOUTER la société HUME ST MANAGEMENT CONSULTANTS LTD de l'ensemble de ses demandes, fins et prétentions.

A TITRE INFINIMENT SUBSIDIAIRE, si le Tribunal faisait droit aux demandes de condamnation pécuniaires de HUME ST MANAGEMENT CONSULTANTS LTD à l'encontre de LA SOCIÉTÉ D'EXPLOITATION ET DE DETENTION HOTELIERE VISTA :
- ECARTER l'exécution provisoire de droit

A TITRE RECONVENTIONNEL :
- CONDAMNER la société HUME ST MANAGEMENT CONSULTANTS LTD à verser à LA SOCIÉTÉ D'EXPLOITATION ET DE DETENTION HOTELIERE VISTA la somme de 10.000.000 euros au titre de sa responsabilité contractuelle, à parfaire ;

EN TOUT ETAT DE CAUSE :
- CONDAMNER la société HUME ST MANAGEMENT CONSULTANTS LTD à verser à LA SOCIÉTÉ D'EXPLOITATION ET DE DETENTION HOTELIERE VISTA la somme de 20.000 euros au titre de l'article 700 du Code de procédure civile, ainsi qu'aux entiers dépens ;

L'ensemble de ces demandes a fait l'objet du dépôt d'écritures ; celles-ci ont été échangées en présence d'un greffier qui en a pris acte sur la cote de procédure.

A l'audience du 14 septembre 2023, à laquelle les parties sont convoquées pour entendre les parties sur une demande concernant le renvoi des affaires suite au dépôt de nouvelles conclusions à l'audience de ce jour par les parties et la jonction éventuelle des deux affaires RG 2022055484 et RG 2022059929, après avoir entendu les parties en leurs explications et observations, le Tribunal chargé d'instruire l'affaire clôt les débats, met l'affaire en délibéré, fixe un calendrier de mise en l'état des deux affaires et dit que la décision concernant la jonction éventuelle des deux affaires sera prononcé par sa mise à disposition au greffe le 13 octobre 2023. Les parties en ont été avisées en application de l'article 450, alinéa 2, du code de procédure civile.

**Affaire RG 2022059929.**

Par acte du 31 octobre 2022 SAS SOF CONSTRUCTION, assigne en référé la société D'EXPLOITATION ET DE DÉTENTION HÔTELIÈRE VISTA (SEDH). Par cet acte délivré à personne habilitée et à l'audience du 6 avril 2023, SOF demande au tribunal, dans le dernier état de ses prétentions (conclusions en réponse à l'incident n°2) de :

- Vu les articles 367 et 700 du Code de procédure civile,

  - Débouter la Société D'EXPLOITATION ET DE DÉTENTION HÔTELIÈRE VISTA de sa demande de jonction des instances enrôlées sous les numéros de RG 2022055484 et 2022059929 ;

  - Condamner la Société d'Exploitation et de Détention Hôtelière Vista à payer à la société SOF Construction la somme de 5.000 euros au titre de l'article 700 du Code de procédure civile ainsi qu'aux entiers dépens.

SEDH, à l'audience du 14 septembre 2023, demande au tribunal, (Conclusions en réponse n°2-) demande au Tribunal dans le dernier état de ses prétentions de :
*Vu les articles 263 et suivants, 334 et suiv. 367 et 368, 700 du Code de procédure civile,*
*Vu l'article 1134 du Code civil,*
*Vu les articles L. 480-4, L. 480-4-2, L. 480-5 et L. 610-1 du Code de l'urbanisme,*

- PRONONCER la jonction de la présente instance avec l'instance pendante devant le Tribunal de commerce de Paris et enrôlée sous le numéro RG 2022055484 ;

A TITRE PRINCIPAL :

- DEBOUTER la société SOF Construction SAS de l'ensemble de ses demandes ;

A TITRE RECONVENTIONNEL :

- CONDAMNER la société SOF Construction SAS à payer à la SOCIÉTÉ D'EXPLOITATION ET DE DETENTION HOTELIERE VISTA la somme provisionnelle de 6.199.633 € HT au titre des sommes exposées du fait des manquements contractuels de SOF ;

- DESIGNER tel expert judiciaire qu'il plaira au Tribunal de nommer, avec pour mission de :

  - se rendre sur les lieux ;

  - se faire communiquer tous documents et pièces utiles à l'accomplissement de sa mission,

  - entendre les parties en leurs dires et observations, et éventuellement tout sachant dont l'audition serait utile,

  - relever et décrire les réserves, désordres et malfaçons affectant l'immeuble litigieux, ainsi que les non conformités et/ou inachèvements mentionnés au regard des documents contractuels liant les parties et des autorisations d'urbanisme obtenues,

**Exhibit A
Page 24**

- en détailler l'origine, les causes et l'étendue, et fournir tous éléments permettant à la juridiction de déterminer à quels intervenants ces réserves, désordres, malfaçons et inachèvements sont imputables, et dans quelles proportions,

- indiquer les conséquences de ces réserves, désordres, malfaçons et inachèvements quant à la solidité, l'habitabilité, l'esthétique du bâtiment, et, plus généralement quant à l'usage qui peut en être attendu ou quant à la conformité à sa destination et à la conformité aux autorisations d'urbanisme obtenues,

- dire si les travaux ont été conduits conformément aux documents contractuels, aux autorisations d'urbanisme obtenues et aux règles de l'art,

- donner son avis sur les préjudices et coûts induits par ces réserves, désordres, malfaçons, inachèvements ou non conformités et sur leur évaluation, dès lors que ces demandes sont présentées de manière motivée,

- fournir d'une façon générale tous éléments techniques ou de fait de nature à permettre à la juridiction saisie de se prononcer sur les responsabilités encourues et les préjudices subis,

- autoriser la SOCIÉTÉ D'EXPLOITATION ET DE DETENTION HOTELIERE VISTA, en cas d'urgence ou de réel danger reconnu par l'expert judiciaire, à faire exécuter à ses frais avancés et pour le compte de qui il appartiendra, les travaux estimés indispensables par l'expert judiciaire, sous sa propre direction et par les entreprises de son choix,

- se faire remettre tous documents et pièces utiles relatifs au coût des travaux et au décompte général et définitif,

- se faire assister d'un sapiteur aux fins de vérifier ces documents et d'arrêter les comptes entre les parties, au regard des travaux effectués et des réserves à lever,

– DIRE qu'en cas d'urgence ou de réel danger reconnu par l'expert judiciaire, celui-ci déposera un pré-rapport précisant la nature, l'importance et le coût des travaux urgents qu'il estimera indispensables,

– DIRE que l'expert pourra s'adjoindre tous sapiteurs s'il l'estime nécessaire à l'accomplissement de sa mission,

– FIXER la provision à valoir sur les frais afférents à la mesure d'instruction sollicitée dont la requérante fera l'avance ;

– CONDAMNER la société SOF CONSTRUCTION SAS, *in solidum* avec la société HUME ST MANAGEMENT CONSULTANTS, à relever et garantir la société la SOCIÉTÉ D'EXPLOITATION ET DE DETENTION HOTELIERE VISTA de toute amendes ou condamnations qui seraient prononcées à son encontre dans le cadre de l'enquête pénale diligentée pour violation au Code de l'urbanisme ;

- CONDAMNER la société SOF CONSTRUCTION SAS, *in solidum* avec la société HUME ST MANAGEMENT CONSULTANTS, à supporter tout frais et coûts au titre des travaux de mise en conformité qui devraient être engagés par la société la SOCIÉTÉ D'EXPLOITATION ET DE DETENTION HOTELIERE VISTA à la suite de l'enquête pénale diligentée à son encontre.

A TITRE SUBSIDIAIRE, si le Tribunal faisait droit aux demandes de condamnation pécuniaires de la société SOF CONSTRUCTION SAS à l'encontre de LA SOCIÉTÉ D'EXPLOITATION ET DE DETENTION HOTELIERE VISTA :
- ECARTER l'exécution provisoire de droit

EN TOUT ETAT DE CAUSE :

- ORDONNER la restitution à la SOCIÉTÉ D'EXPLOITATION ET DE DETENTION HOTELIERE VISTA de l'intégralité des œuvres d'art identifiées dans le procès-verbal de constat du 9 janvier 2023, sous astreinte de 200 € par jour de retard à compter de la signification de la décision à intervenir,

- CONDAMNER la société SOF Construction SAS à payer à la Société d'Exploitation et de Détention Hôtelière VISTA la somme de 40.000 € au titre de l'article 700 du Code de procédure civile ;

- CONDAMNER la société SOF Construction SAS aux entiers dépens.

**Moyens des parties**

Après avoir pris connaissance de tous les moyens et arguments développés par les parties dans leurs écritures, appliquant les dispositions de l'article 455 du CPC, le tribunal dira que les parties les ont résumés dans leurs par ces motifs et en conséquence pour la clarification du jugement ne les reprendra pas ci-après.

**Sur ce, le tribunal**

Sur le calendrier de mise en l'état des deux affaires.

Les conclusions des parties actuellement jointes au dossier sont les suivantes :

Affaire 2022055484:
    Pour HSMC: « Conclusions en réplique » déposées à l'audience du 14 septembre 2023.
    Pour SEDH : « conclusions en réponse » déposées à l'audience du 25 mai 2023

Affaire 2022059929
    Pour SOF: « conclusions en réponse à l'incident N°2 » déposées à l'audience du 6 avril 2023.
    Pour SEDH VISTA: « Conclusions de jonction n°3 » déposées à l'audience du 6 avril 2023.
    Pour SOF: « Conclusions N°3 » déposées à l'audience du 14 septembre 2023.
    Pour SEDH VISTA: « Conclusions en réponse N°2 » déposées à l'audience du 14 septembre 2023.

Le tribunal dira que :

TRIBUNAL DE COMMERCE DE PARIS
JUGEMENT DU VENDREDI 13/10/2023
10 EME CHAMBRE

N° RG : J2023000467

CC* - PAGE 10

Lors de l'audience tenue le 14 septembre 2023, les parties SEDH et SOF ont déclaré qu'elles déposeraient leurs dernières conclusions concernant le fond des affaires à l'audience de Mise en l'état de la Xéme chambre du TCP le 28 septembre 2023, HSMC a déclaré ne pas avoir à produire de nouvelles conclusions.

La plaidoirie sur le fond des affaires aura lieu le 19 octobre à 14h00.

**Sur la jonction**

Attendu que l'article 367 du code de procédure civile dispose que:
« Le juge peut, à la demande des parties ou d'office, ordonner la jonction de plusieurs instances pendantes devant lui s'il existe entre les litiges un lien tel qu'il soit de l'intérêt d'une bonne justice de les faire instruire ou juger ensemble.
Il peut également ordonner la disjonction d'une instance en plusieurs.. »

Attendu que les sociétés SOF et SEDH interviennent toutes deux au titre d'un même projet, la reconstruction de l'Hotel Maybourne Riviera que SEDH est défenderesse dans les deux affaires:
Affaire 2022055484:HSMC vs SEDH
et Affaire 2022059929: SOF vs SEDH

Attendu que la société SEDH demande au Tribunal de prononcer la jonction des deux affaires, que les sociétés SOF et HMSC demandent au tribunal de débouter la société SEDH de sa demande de jonction des deux affaires,

Attendu que même si les sociétés SOF et HSMC disposent d'un dirigeant commun et que les litiges objets des présentes procédures concernent un même projet de reconstruction d'un seul hôtel,
ceci ne suffit pas pour établir un lien de connexité de nature à justifier la jonction des instances dans lesquelles ces sociétés sont impliquées.

Attendu que les litiges portent à priori sur des sujets différents, que les demandes des sociétés HSMC et SOF sont formulées dans le cadre de contrats distincts, à savoir le Contrat de Maîtrise d'Ouvrage Déléguée pour l'instance initiée par HSMC, et le Contrat de Contractant Général pour l'instance initiée par SOF et concernent des personnes morales différentes:

- la procédure (RG n°2022055484), dans le cadre de laquelle la société HSMC sollicite la condamnation de SEDH au paiement de la somme totale de 19.623.119,60 euros HT au titre des honoraires fixe et de résultat tels que prévus aux articles 7.5 et 9.1 du Contrat de Maîtrise d'Ouvrage Déléguée conclu entre elles le 20 septembre 2019 s'agissant des travaux sur le Maybourne Riviera ;

- la procédure RG n°2022059929, dans le cadre de laquelle la société SOF sollicite, quant à elle, la condamnation de SEDH à lui payer la somme de 5.010.434,70 euros, au titre du remboursement des dépenses qu'elle a avancées pour le compte de SEDH « hors marché », c'est-à-dire par accord distinct du Contrat de Contractant Général conclu entre elles le 5 février 2021 s'agissant des travaux sur l'Hôtel.

Attendu que le litige entre SOF et SEDH porte sur le montant des refacturations en lien avec les dépenses d'ouverture préfinancées par SOF ainsi que leur classement entre frais de préouverture d'un côté et frais lié au contrat de construction de l'hôtel pour un prix forfaitaire,

**Exhibit A**
**Page 27**

Attendu que le montant du litige (au titre du remboursement des factures avancées par SOF pour les dépenses relatives aux OS&E, aux frais de pré-ouverture, des dépenses relatives aux oeuvres d'art et après déduction des créances cédées par SOF et de frais avancés par le Maitre d'Ouvrage pour le déplacement du personnel de SOF au Royaume Uni), mentionné dans les conclusions n° 3 déposées à l'audience du 14 septembre 2023 (pages 20 et 21) est de 5.010.434,70 euros TTC,

que le « montant total des re-facturations » mentionné dans le « Projet de mémoire définitif de travaux » préparé par SOF en date du 15 juin 2022 (pièce 27 de SOF), est de 5 358 697,76 € TTC,

que le montant de ces mêmes dépenses est de 5 271 897,65 € selon le DGD de SEDH du 23 décembre 2022

Attendu que SEDH propose en page 6 de son projet de DGD du 23 décembre 2022 de reclasser 3 711 998 euros de OS&E (« Operating supplies and equipment ») en FF&E (furniture, mixtures and equipment) , ce avec quoi SOF est en désaccord,

Attendu que la société SEDH conteste les sommes réclamées par SOF. Ces contestations seront étudiées lors de l'analyse au « fond » des demandes de SOF et SEDH.

Attendu que la société SOF consacre de longs développements dans ses conclusions concernant le litige relatif aux « OS&E », procédure RG 2022059929, à la question du DGD produit par SEDH. SOF fait remarquer que la position de SEDH évolue…. (paragraphe 45 des conclusions SOF,). SEDH aurait affirmé que « ces dépenses étaient exclues du Budget du marché de Travaux proprement dit …., elle prétendrait maintenant qu'une partie aurait relevé de ce budget au motif qu'il s'agirait de FF&E »

Attendu que le reclassement de ces frais de OS&E en FF&E qui s'ajouteraient alors au cout des travaux (cf courrier du 23 décembre 2022, pièce 25 SEDH, PAGE 7), pourrait avoir un impact sur le calcul du montant du DGD à établir entre SOF et HSMC et par conséquent avoir un éventuel impact sur le calcul de l'honoraire de résultat que pourrait percevoir la société HSMC.

Attendu que le le litige correspondant à la procédure RG 2022055484 concerne le calcul et le paiement de cet honoraire de résultat.

Attendu que, pour une bonne administration de la justice, il convient d'éviter une disjonction des affaires qui pourrait avoir comme conséquence de traiter ces deux affaires successivement et allonger inutilement les délais,

Attendu, de plus, qu'une décision prise concernant le litige entre SOF et SEDH pourrait être remise en cause par une potentielle décision de la Cour d'Appel et qu'une telle décision de la Cour d'Appel pourrait remettre en cause une décision prise dans l'affaire HSMC / SEDH,

Attendu que la demanderesse à l'incident, la société SEDH, fait remarquer que « les contrats liant SEDH et SOF, et SEDH et HSMC appartiennent au même ensemble contractuel, chaque contrat faisant expressément référence à l'autre contrat ».

Par conséquent, prenant en compte l'ensemble de ces informations, en application de l'article 367 du code de Procédure Civile, le Tribunal considérant l'existence d'un « lien tel (entre les deux procédures) qu'il soit de l'intérêt d'une bonne justice de les faire instruire ou juger ensemble » ordonnera la jonction des deux procédures RG n°2022055484 et RG n°2022059929 sous le numéro J2023000467.

TRIBUNAL DE COMMERCE DE PARIS
JUGEMENT DU VENDREDI 13/10/2023
10 EME CHAMBRE

N° RG : J2023000467

CC* - PAGE 12

## PAR CES MOTIFS

Le tribunal statuant publiquement par jugement contradictoire,

Ordonne la jonction des deux procédures RG n°2022055484 et RG n°2022059929 sous le numéro J2023000487.

Dit que les dernières conclusions des parties SEDH et SOF concernant le fond des affaires RG n°2022055484 et RG n°2022059929 ont été déposées à l'audience de Mise en l'état de la Xéme chambre du TCP le 28 septembre 2023.

Renvoie l'affaire, sur le fond,  en audience de plaidoirie collégiale au 19 octobre à 14h00 devant M. Emmanuel de Tarlé, M. Eric Pierre et M. Patrice Kretz.

Réserve la demande au titre de l'article 700 CPC ;

Condamne les sociétés SOF et SEDH in solidum aux dépens, dont ceux à recouvrer par le greffe, liquidés à la somme de 95,62 € dont 15,72 € de TVA.

En application des dispositions de l'article 871 du code de procédure civile, l'affaire a été débattue le 14 septembre 2023, en audience publique, devant M. Emmanuel de Tarlé, M. Eric Pierre et M. Patrice Kretz
Un rapport oral a été présenté lors de cette audience.
Délibéré le 18 septembre 2023.
Dit que le présent jugement est prononcé par sa mise à disposition au greffe de ce tribunal, les parties en ayant été préalablement avisées lors des débats dans les conditions prévues au deuxième alinéa de l'article 450 du code de procédure civile.

La minute du jugement est signée par M. Emmanuel de Tarlé,  président du délibéré et par Mme Christèle Charpiot,  greffier.

Le greffier

Le président

Exhibit A
Page 29